IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHALECO INC. DBA TEMU,<br><br>Defendant. | Case No. 5:23-CV-00559-D<br><br>CLASS ACTION |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Heather Smith, individually and on behalf of all others similarly situated, submits this Notice of Supplemental Authority regarding the same provision at issue in Defendant Whaleco, Inc. d/b/a Temu's ("TEMU") Motion to Compel Arbitration (Dkt. 11, 12):

1. On May 22, 2023, Plaintiff filed a putative class action against Defendant TEMU in the District Court of Washita County, State of Oklahoma, alleging violations of Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq*. Dkt. 1-1.

2. On July 25, 2023, TEMU filed its Motion to Compel Arbitration and Brief in Support. Dkts. 11, 12.

3. On September 28, 2023, Plaintiff timely filed Plaintiff's response to TEMU's Motion to Compel Arbitration. Dkt. 21.

4. Following the filing of Plaintiff's Response in Opposition to Defendant's

Motion to Compel, on October 13, 2023, a federal District Court issued an opinion and order denying Defendant Whaleco's motion to compel arbitration in a case involving the same arbitration provision at issue here. *See Johnson v. Whaleco, Inc.*, Case No. 5:23-cv-403-GAP-PRL (M.D. Fla. Oct. 13, 2023) (a copy of the decision is attached as **Exhibit A** hereto).

5.  The central issue in Defendant's Motion to Compel, and Plaintiff's Opposition thereto, is Plaintiff's purported assent to Defendant's terms of use and the incorporated arbitration provision.

6.  In *Johnson*, the court examined at length Defendant Whaleco's website and terms of use and it held there that "Plaintiff was not put on notice to the Agreement with Defendant and cannot be compelled to arbitrate this dispute." *Johnson*, at p.10.

7.  The *Johnson* court found that "Defendant's website allowed Plaintiff to . . . complete her registration without visiting the terms and conditions. Therefore, Defendant's registration site contained a browsewrap agreement which can only be enforced if Plaintiff had actual knowledge of the terms or if the hyperlink was sufficiently conspicuous." *Id.* at p.7 (citations omitted unless otherwise noted).

8.  And the court found that "Defendant's website design fails this analysis because 'the hyperlink to the Terms is not prominent or particularly remarkable at the bottom of the page where it is featured.'" *Id.* at p.8. And "[m]ost damning to Defendant's attempt to enforce the Agreement is its use of a very light grey font against a white background, devoid of underlined text or any conspicuous visual cues." *Id.* And "because the font color is itself such a light grey, even in bold font the words still appear

significantly lighter than the conspicuous black and colorful text used elsewhere on the webpage and do not attract attention." *Id.* at p.8 n.7.

9. "This camouflaged font contradicts Defendant's assertion that its registration page displays a 'conspicuous hyperlink to [it]s Terms of Use. And crucially—it evinces an intent to *conceal* those hyperlinks from conspicuous view, which militates strongly against finding the existence of an agreement to arbitrate.'" *Id.* at p.9 (emphasis in original).

10. Further, [t]he inconspicuous nature of the hyperlinks is further compounded by its poor placement on the website. *Id.*

11. Whaleco's "faint text linking to Defendant's browsewrap agreement is located at the bottom of the webpage beneath four other buttons and far below the bright-orange 'Continue' button. This placement does not put a reasonably prudent user on inquiry notice." *Id.* at pp.9-10.

12. Ultimately, the Court found that Whaleco's "notice here, tucked away at the bottom of the page in barely visible font, does not put users 'on inquiry notice of the arbitration provision.'" *Id.* at p.10.

13. Plaintiff's opposition raised identical issues and as such, Plaintiff submits that *Johnson*, which was issued approximately two weeks after Plaintiff filed her opposition, is instructive.

Dated this 18th day of October, 2023.

Respectfully submitted,

/s/ Kathy R. Neal
Mary Quinn-Cooper, OBA # 11966
Kathy R. Neal, OBA #674
McAFEE & TAFT, P.C.
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: 918-587-0000
Facsimile: 918-599-9317
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

E. Powell Miller
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: 248-841-2200
epm@millerlawpc.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF ELECTRONIC SERVICE AND FILING**

I hereby certify that on this 18th day of October 2023, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to those registered participants of the ECF System.

                                                     /s/ Kathy R. Neal