UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHALECO INC. DBA TEMU,<br><br>Defendant. | Case No. 5:23-cv-00559-D<br><br>CLASS ACTION<br><br>(JURY TRIAL DEMANDED) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO FILE A DIFFERENT MOTION TO COMPEL ARBITRATION**

Plaintiff Heather Smith, individually and on behalf of all others similarly situated, submits this response in opposition to Defendant's motion for leave to file a different motion to compel arbitration than the one it previously filed (ECF Nos. 10-11) and to which Plaintiff has already responded in opposition (ECF No. 21).

**BACKGROUND**

On May 22, 2023, Plaintiff initiated this action in state court by filing the Class Action Complaint. (ECF No. 1-1.) Defendant was duly served with the Summons and Complaint on June 6, 2023.

On June 26, 2023, Defendant removed the action to this Court. (ECF No. 1.) The initial deadline for Defendant to answer or otherwise respond to the Complaint was set for July 6, 2023.

On June 29, 2023, Defendant filed, on an unopposed basis, a motion for a 21-day extension of time to respond to perform an "investigation into the allegations of the Complaint." (ECF No. 5.) The Court granted the requested extension and reset the deadline for Defendant to

respond to the Complaint to July 25, 2023. (ECF No. 9.)

On July 25, 2023, Defendant filed its Motion to Compel Arbitration. (ECF Nos. 10-11.)

On September 28, 2023, Plaintiff filed a response in opposition to the Motion to Compel Arbitration (ECF No. 21).

On October 3, 2023, Defendant filed, on an unopposed basis, a motion for a 21-day extension of time to file a reply in support of its Motion to Compel Arbitration, for the purpose of "allow[ing] [Defendant] to provide the Court with an appropriate brief on these nuanced and complex legal and factual issues[.]" (ECF No. 22 at 2.). The Court granted the motion and reset the deadline for Defendant to file its reply to October 26, 2023. (ECF No. 23.)

On October 19, 2023, Plaintiff filed a notice of supplemental authority (ECF No. 26) to apprise the Court of an October 13, 2023 decision denying a motion to compel arbitration filed by Defendant in another case against it involving the identical arbitration provision at issue in its Motion to Compel arbitration in this case. *See Johnson v. Whaleco, Inc.*, Case No. 5:23-cv-403-GAP-PRL (M.D. Fla. Oct. 13, 2023) (a copy of which is accessible at ECF No. 26-1.)

On October 20, 2023, Defendant filed, on an unopposed basis, a motion for an additional 14-day extension of time to file a reply in support of its Motion to Compel Arbitration. (ECF No. 27.). The Court granted the motion and reset the deadline for Defendant to file its reply to November 9, 2023. (ECF No. 28.)

On October 27, 2023, Defendant filed the instant Motion for Leave to Refile Motion to Compel Arbitration. (ECF No. 29.). According to the motion, Defendant "has since retained new lead counsel who, together with Defendant and current counsel, have uncovered additional material facts bearing directly on the issues raised in the Motion and Plaintiff's opposition thereto." (*Id.* at 2.)

**ARGUMENT**

When Defendant filed its Motion to Compel Arbitration, it had the burden to demonstrate that the parties agreed to arbitrate this dispute. *See Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 612 (10th Cir. 2014) ("the party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement"); 17B C.J.S. Contracts § 931 ("the burden of proof is on the party seeking to enforce an agreement or to claim rights under it."); *Dollar Rent A Car Sys., Inc. v. P.R.P. Enter's.*, Inc., No. 01 CV 698 JHP FHM, 2006 WL 1266515, at *22 (N.D. Okla. May 8, 2006), *aff'd*, 242 F. App'x 584 (10th Cir. 2007) (party asserting rights under contract has burden to establish existence of the contract); *see also Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 786 (11th Cir. 2008) ("[A] district court considering the making of an agreement to arbitrate should give to the party denying the agreement the benefit of all reasonable doubts and inferences[.]"). Plaintiff's opposition brief meticulously explains why Defendant has failed to meet this burden, and accordingly why its Motion to Compel Arbitration must be denied. (ECF No. 21.)

Notably, after Plaintiff filed her opposition brief, Defendant lost a motion to compel arbitration in a similar case pending in federal court in Florida, for lack of mutual assent – the same reason why, as explained in Plaintiff's opposition brief, the Motion to Compel Arbitration in this case should be denied. (*See* ECF No. 26-1 (copy of decision in *Johnson*).)

Now that Defendant has seen Plaintiff's arguments for opposing the pending Motion to Compel Arbitration, received two lengthy extensions of time to file its reply in support of the pending Motion to Compel Arbitration, and lost a similar motion to compel arbitration in a similar case for the same reasons that Plaintiff argues the pending Motion to Compel Arbitration in this case should be denied, Defendant wants to file a new motion to compel arbitration, with

new arguments and new evidence (*see* ECF No. 29), all of which it could have included (but chose not to include) in the Motion to Compel Arbitration it previously filed. With all due respect, that is not the way litigation works.

As previously mentioned, it was Defendant's burden to present the legal and factual basis for its position that the parties formed an agreement to arbitrate in its original Motion to Compel Arbitration, which was filed after Defendant removed the case from state court (20 days after being served with the Complaint) and after Defendant obtained an additional 21-day extension to respond to the Complaint after the case arrived in this Court. Plaintiff, for her and her counsel's part, expended considerable time and effort preparing a response in opposition to the pending Motion to Compel Arbitration, which sets forth in detail why Defendant fails to demonstrate that the parties formed an agreement to arbitrate. Defendant cannot now suddenly change strategies – in the middle of the briefing schedule on the pending Motion to Compel Arbitration and with the benefit of Plaintiff's response in opposition to that motion – by filing a new motion supported by new arguments and new evidence not included in the pending motion. For one thing, permitting the filing of successive motions to compel arbitration "would subject the Court to 'a state of paralysis, subject to a never-ending loop of argument on the same underlying issues.'" *Oldham v. Nova Mud, Inc.*, No. 220CV01166MISGBW, 2023 WL 4826502, at *4 (D.N.M. July 27, 2023) (quoting *Meeks v. Experian Info. Sols., Inc.*, No. 21-CV-03266-VC, 2022 WL 53832, at *1 (N.D. Cal. Jan. 5, 2022), *rev'd on other grounds and remanded sub nom. Meeks v. Experian Info. Servs., Inc.*, No. 21-17023, 2022 WL 17958634 (9th Cir. Dec. 27, 2022)). "Indeed, it is an elementary principle of judicial economy that parties are expected to raise all relevant arguments in the briefing on a given motion; parties do not get a second bite at the apple if their initial arguments fail." *Id.* (quotation omitted).

Moreover, Plaintiff and her counsel expended considerable resources responding to the pending Motion to Compel Arbitration. Permitting Defendant to suddenly shift course and file a new motion to compel arbitration would prejudice Plaintiff and her counsel by requiring the preparation of another opposition brief in response to the new motion. *See Peterson v. Shearson/American Express*, 849 F.2d 464, 467-68 (10th Cir. 1988) (prejudice to opposing party, among other considerations, constitutes basis for finding waiver of right to compel arbitration).

Bottom line: it was Defendant's burden to demonstrate that the parties formed an agreement to arbitrate in its originally filed and currently pending Motion to Compel Arbitration. Having failed to do so, Defendant is not entitled to a second bite at the apple in a new motion. Instead, after any reply brief is filed, the Motion to Compel Arbitration should be denied and the litigation should proceed in the ordinary course.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's request for a do-over and order Defendant to file its reply in support of the pending Motion to Compel Arbitration by the twice-extended deadline of November 9, 2023.

Dated: November 6, 2023       Respectfully submitted,

/s/   E. Powell Miller
E. Powell Miller
*Admitted Pro Hac Vice*
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: 248-841-2200
epm@millerlawpc.com

Mary Quinn-Cooper, OBA # 11966
Kathy R. Neal, OBA #674
McAFEE & TAFT, P.C.
Williams Center Tower II
Two W. Second Street, Suite 1100

Tulsa, Oklahoma 74103
Telephone:  918-587-0000
Facsimile:  918-599-9317
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF ELECTRONIC SERVICE AND FILING**

      I hereby certify that on this 6th day of November 2023, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to those registered participants of the ECF System.

                                             */s/   E. Powell Miller*
                                             E. Powell Miller