IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HEATHER SMITH, individually and on behalf of all others similarly situated,

    *Plaintiff*,

  v.

WHALECO INC. d/b/a TEMU,

    *Defendant*.

Case No. 5:23-cv-00559-D

## DEFENDANT'S REPLY IN SUPPORT OF ITS REQUEST FOR LEAVE TO RESUBMIT ITS MOTION TO COMPEL ARBITRATION

Whaleco Inc., d/b/a Temu ("Defendant") respectfully submits this reply in support of its request for leave to submit a revised motion to compel arbitration (*see* Dkt. 29, "Request"). For the reasons in the Request and below, the Request should be granted.

1.    Put simply, Plaintiff's response in opposition to the Request (*see* Dkt. 30, "Response") is completely baseless, and it merely demonstrates her continuing efforts to shirk her contractual obligation to arbitrate her claims against Defendant in this matter.

2.    As the Court is undoubtedly aware, there is a "liberal federal policy favoring arbitration" in this country. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). *Accord Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016). As part of this liberal federal policy, the Federal Arbitration Act ("FAA") creates a strong presumption in favor of enforcing arbitration agreements and requires courts to rigidly enforce such agreements according to their terms—especially where, as here, the parties seek to achieve streamlined proceedings and expeditious results through arbitration. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Marmet Health Care Ctr., Inc.*

*v. Brown,* 565 U.S. 530, 533 (2012); *Vaden v. Discover Bank,* 556 U.S. 49, 58 (2009).

3. Moreover, when ruling on a motion to compel arbitration under the FAA, courts in the Tenth Circuit and elsewhere apply "a standard similar to that governing motions for summary judgment" under Rule 56, where the movant (here, Defendant) "must present evidence sufficient to demonstrate an enforceable arbitration agreement" and the non-movant (Plaintiff) must present his or her own evidence contradicting the movant's. *Levine v. Vitamin Cottage Nat. Food Markets, Inc.,* 2021 WL 4439800, at *4 (D. Colo. Sept. 27, 2021) (quoting *Stein v. Burt-Kuni One, LLC,* 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005)).

4. In accordance with the foregoing, it is unquestionably <u>critical</u> for the parties and Court to have a complete and accurate evidentiary record, particularly as to whether the parties entered into an agreement to arbitrate, prior to ruling on any motion to compel arbitration. *See Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014) ("Everyone knows the Federal Arbitration Act favors arbitration. But before the Act's heavy hand in favor of arbitration swings into play, the parties themselves must agree to have their disputes arbitrated."). This benefits the movant as well as the non-movant alike.

5. In this regard, the Request notes, *inter alia*, that: (a) Defendant's new counsel has uncovered additional material facts bearing directly on the issues raised in Defendant's pending motion to compel arbitration and Plaintiff's opposition thereto—specifically, facts which indicate Plaintiff agreed to Defendant's "terms of use" multiple times and, in so doing, she expressly agreed to arbitrate her claims against Defendant in this matter on an individual basis and waived her right to seek class treatment, each time; and (b) Defendant has inadvertently included a different opt-in form than the one Plaintiff initially used when

she agreed to Defendant's "terms of use" in its current motion to compel arbitration. *See* Request, ¶¶ 3, 4. Through its Request, therefore, Defendant merely seeks to provide the Court with the evidence necessary for the Court to make a fair and accurate ruling on its motion to compel arbitration. If the Court were to rule on the motion based on an incomplete record, its ruling would not be fair to Defendant or Plaintiff, nor just.[1]

6. Plaintiff makes several perfunctory arguments in opposition to the Request, none of which have any merit. For example, Plaintiff suggests that Defendant is attempting to file "successive motions to compel arbitration" in this case. Response at 4 (citing *Oldham*). However, the Court has not ruled on Defendant's current motion to compel arbitration, and thus Defendant is not seeking to file a "successive" motion. Rather, Defendant hopes to ***avoid*** having to file a successive motion by revising its pending motion now for the sake of completeness and accuracy. *See also Oldham v. Nova Mud, Inc.*, 2023 WL 4826502, at *2-6 (D.N.M. July 27, 2023) (citing, *inter alia*, *Weiss v. Am. Express Nat'l Bank*, 2020 WL 6807628, at *1 (S.D.N.Y. Nov. 18, 2020) (Plaintiff "points to no law or precedent establishing that successive motions to compel arbitration are improper ....")).

7. Moreover, Plaintiff relies heavily on the *Oldham* case but critically omits that the defendant in that case filed a second motion to compel arbitration, after the court denied its initial motion to compel, based on new material facts ***and the district court granted the***

---

[1] Contrary to what Plaintiff suggests, the Request has nothing to do with the *Johnson* decision or that Plaintiff filed that distinguishable and inapposite case as supplemental authority. In fact, *Johnson* involved a different opt-in process than the one Plaintiff went through here and is merely an outlier decision. Moreover, a different court just recently enforced Defendant's arbitration agreement in a nearly identical case. *See, e.g., Fontanez v. Whaleco Inc.*, Case No. 53-2023CA-000374, slip op. (Fla. Cir. Ct. Aug. 29, 2023)

3

***defendant's second motion***. See *Oldham v. Nova Mud, Inc.*, 2023 WL 4826502, at *2-6 (D.N.M. July 27, 2023). In doing so, the *Oldham* court rejected the plaintiff's "waiver" argument, like Plaintiff is attempting to assert here. *Id.* Thus, *Oldham* is not only distinguishable but also belies Plaintiff's position and supports Defendant's Request here.

8.  Plaintiff also suggests Defendant somehow waived its arbitral rights because of some unspecified hypothetical "prejudice Plaintiff and her counsel" could face in having to revise their response in opposition to the motion to compel arbitration. Response at 5 (citing *Peterson v. Shearson/American Express,* 849 F.2d 464, 467–68 (10th Cir. 1988)). As the *Oldham* court correctly recognized, however, "'[t]o decide whether a waiver [of the right to arbitrate] has occurred [under current Supreme Court precedent], the court focuses on the actions of the person who held the right,' **not the prejudice to the other party**." *Oldham,* 2023 WL 4826502, at *6 (quoting *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022)) (emphasis added). Instead, the key consideration is whether the movant has acted inconsistently with its arbitral rights—*e.g.,* if it engaged the proverbial "litigation machinery" by moving toward a resolution on the merits in court or "delayed for a long period" in notifying the opposing party of its intent to arbitrate or in moving to compel. *Id*. (quoting *Metz v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1489 (10th Cir. 1994)). Here, there can be no question that Defendant has consistently indicated its intent to arbitrate and exercised its arbitral rights, and it plainly has not engaged the "litigation machinery." The Request is just a further reflection of this. Plaintiff's Response does not show otherwise, and any hypothetical "prejudice" she may suffer is irrelevant.

9.  Lastly, although the law in this regard does not appear to be well-settled in

this jurisdiction, and it is unclear whether courts in this District have shared the same view, Defendant notes that some courts in this Circuit have viewed motions to compel arbitration as an issue of subject matter jurisdiction—*i.e.,* that the existence of a valid and enforceable arbitration agreement deprives the court of subject matter jurisdiction. *See, e.g., Bradford v. Pilot Travel Centers, LLC,* 2018 WL 4082345, at *1 (D. Utah Aug. 27, 2018); *Bohart v. CBRE, Inc.,* 2018 WL 1135535, at *4 (D. Colo. Feb. 28, 2018).[2] If this Court agrees, then it is axiomatic that "[a] challenge to the district court's subject matter jurisdiction is not waivable and whenever it is made, the district court must consider it." *U. S. for Use & Benefit of Coffey v. William R. Austin Const. Co.,* 436 F. Supp. 626, 628 (W.D. Okla. 1977). Thus, Plaintiff's "waiver" argument misses the mark for this additional reason.

10.    In sum, Plaintiff's Response notes Defendant's burden to demonstrate the existence of an arbitration agreement while simultaneously desperately trying to prevent Defendant from meeting that burden by depriving the Court of a complete evidentiary record. Plaintiff cannot have it both ways. And it makes zero sense for this Court to rule on the current motion to compel arbitration as it stands, for Defendant just to submit a second motion to compel arbitration later based on the same additional evidence and law that it desires to present now. That would be an enormous waste of judicial and party resources. Thus, for the reasons above and in the Request, the Request should be granted.

---

[2] That said, the Tenth Circuit has held that "[a] motion made under the FAA to compel arbitration or stay litigation … is expressly not a motion made under Rule 12" and thus if a motion to compel is denied "nothing prevents that party from then filing a Rule 12 motion to dismiss." *Conrad v. Phone Dirs. Co.,* 585 F.3d 1376, 1383 n.2 (10th Cir. 2009). Defendant reserves all rights in this regard, should its motion to compel arbitration be denied.

Dated: November 7, 2023                    Respectfully submitted,

                                                            SMITH GAMBRELL & RUSSELL LLP

*/s/ Robert A. Stines*
Robert A. Stines (Florida Bar No. 78447)
201 N. Franklin Street, Suite 3550
Tampa, Florida 33602
T: 813-488-2920
Email: rstines@sgrlaw.com
       vwilliams@sgrlaw.com
       daigotti@sgrlaw.com


John A. Burkhardt (OBA 1336)
SCHAFFER HERRING PLLC
7134 S. Yale, Suite 300
Tulsa, OK 74138
T: 918-856-5378
Email: john.burkhardt@schafferherring.com

*Attorneys for Defendant, Whaleco, Inc. d/b/a Temu*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2023, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, which will send a notice to all counsel of record.

                                    */s/ Robert A. Stines*

                                    Robert A. Stines