# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH, individual and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHALECO INC. d/b/a TEMU,<br><br>Defendant. | Case No: CIV-23-559-D<br><br>Class Action |

## EXHIBIT 1

*FONTANEZ V. WHALECO*
**Order Granting Defendant's Motion to Compel Arbitration**

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

CASE NO.: 53-2023CA-000374
SECTION: 04   [CLASS REPRESENTATION]

DORIS FONTANEZ, individually and
on behalf of all others similarly situated,
    Plaintiff,

v.

WHALECO, INC.,
    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

**THIS MATTER** came before this Court on June 30, 2023, upon the Defendant's Motion to Compel Arbitration, Plaintiff's Response in Opposition, and Defendant's Reply. There appeared before the Court counsel for the Plaintiff, Morgan A. Dean, Esquire, and counsel for the Defendant, Robert A. Stines, Esquire. The Court, having reviewed the pleadings, heard the arguments of counsel, reviewed the file, and being otherwise fully advised in the premises, finds as follows:

### I. Findings of Fact

Plaintiff, Doris Fontanez ("Fontanez"), filed her Class Action Complaint ("Complaint") on February 3, 2023, against Defendant, Whaleco, Inc., ("Whaleco") alleging claims under the Florida Telephone Solicitation Act, Florida Statute, section 501.059 (the "FTSA"). *See* Complaint. Whaleco does business as TEMU and operates https://temu.com and its mobile apps on Android and Apple iOS devices. TEMU is an online retail marketplace that connects consumers with sellers, manufacturers and brands around the world. *See* Whaleco's Motion to Compel Arbitration.

Fontanez does not oppose Defendant's request to take judicial notice, pursuant to Florida Statute, Sections 90.202 and 90.203, of Polk County Clerk of Court online records that shows she is the named plaintiff in eleven lawsuits against eleven separate defendants, with essentially eleven identical complaints alleging that each defendant violated the FTSA. Because there is no opposition, the Court takes judicial notice of the Polk County Clerk of Court online records that

Fontanez v. Whaleco, Inc.
53-2023CA-000374
Order Granting Motion to
Compel Arbitration
_____/

shows the eleven class action lawsuits that Fontanez has filed. In the first reported class action lawsuit that Fontanez filed, the defendant (Wolverine) relied on its online Terms and Conditions to file a Motion to Compel Arbitration on November 14, 2022. The reasonable inference is that after November 14, 2022, Fontanez should have been aware that online retailers have "Terms of Use" or "Terms and Conditions" agreements.

Fontanez also does not deny that she accessed Whaleco's online platform and used an AppleID to register for an online account. Hence, those facts are undisputed.

Fontanez argues that the Court should not consider the declaration of Micheal Trinh that was filed in support of Whaleco's Motion because he is relying on Whaleco's records which is hearsay. Trinh, as the Customer Service Manager at Whaleco, states that he has personal knowledge of the following:

(1) On December 17, 2022, anyone who used the TEMU mobile app to register an account with TEMU had to enter information in the full-screen user interface registration form attached as Exhibit A to his declaration;

(2) On December 17, 2022, the Terms of Use attached as Exhibit B to the declaration was hyperlinked to the user interface registration form attached as Exhibit A to his declaration; and

(3) To register for an account, a user must provide login credentials and click one of the "Continue" buttons in the user interface.

Trinh relies on Whaleco's records to declare that on December 17, 2022, someone accessed the TEMU mobile app to register a TEMU account and used the name "Doris Fontanez" with an Apple account identification as their log in credentials. Fontanez did not provide her own affidavit, declaration, testimony or any evidence to refute Trinh's statement. Furthermore, an affiant's personal knowledge may be based on his or her review of the company's file or business records. *See Progressive Exp. Ins. Co. v. Camillo*, 80 So. 3d 394, 399 (Fla. 4th DCA 2012). The Court accepts Trinh's declarations as to how users register for an account with TEMU and that Fontanez registered an account with TEMU on December 17, 2022.

Without any evidence from Fontanez to refute Trinh's declaration, there are no genuine disputes as to any material fact and the matter before the Court is purely a question of law.

2

Fontanez v. Whaleco, Inc.
53-2023CA-000374
Order Granting Motion to
Compel Arbitration
_____/

## II. Conclusions of Law

Agreements to arbitrate that fall within the scope and coverage of the Federal Arbitration Act (Act), 9 U.S.C. § 1 et seq., must be enforced in state and federal courts. *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011). State courts "have a prominent role to play as enforcers of agreements to arbitrate." *Id.* Arbitration is a favored means of dispute resolution and courts should resolve doubts concerning the scope of such agreements in favor of arbitration. *Stinson-Head, Inc. v. City of Sanibel*, 661 So. 2d 119, 120 (Fla. 2d DCA 1995). Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). If a trial court finds that the parties' arbitration agreement is binding and that it controls the particular allegations raised in the complaint, the case must be submitted to arbitration. *Grillo v. Raymond James & Assocs., Inc.*, 524 So. 2d 1121, 1122 (Fla. 2d DCA 1988).

Fontanez does not challenge the scope of the agreement or that Whaleco waived the right to arbitrate. Her argument is that "no agreement to arbitrate exists and the alleged agreement upon which Defendant relies is unenforceable as a matter of law." *See* Plaintiff's Response in Opposition to Motion to Compel Arbitration, p. 2. Fontanez makes a secondary argument that Whaleco's "Motion should be denied without prejudice to allow for discovery to determine the validity and enforceability of the alleged arbitration agreement." *Id.* Discovery to determine the validity and enforceability of the arbitration agreement is unnecessary where Fontanez does not dispute creating an account on the TEMU platform in December 2022. The Court will therefore focus on whether there is a valid agreement to arbitrate as a matter of law.

Florida courts have recognized there are two main types of internet contracts, clickwrap and browsewrap agreements. *Metro PCS Commc'ns, Inc. v. Porter*, 273 So. 3d 1025, 1028 (Fla. 3d DCA 2018). A "browsewrap" agreement occurs when a website or mobile app provides a link to the terms and conditions and allows the purchaser to complete the transaction without visiting the page containing the terms and conditions. *Id.* Courts have enforced browsewrap agreements when the purchaser has actual knowledge of the terms and conditions, or when the hyperlink to

3

Fontanez v. Whaleco, Inc.
53-2023CA-000374
Order Granting Motion to
Compel Arbitration
_____/

the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice. *Id.* When faced with browsewrap agreements, courts have evaluated the conspicuousness of the hyperlink to the terms and conditions, and whether the online retailer provided notice that a specific action would demonstrate acceptance of those terms. *See Bell v. Royal Seas Cruises, Inc.*, 2020 WL 5742189, at *6 (S.D. Fla. May 13, 2020), *report and recommendation adopted*, 2020 WL 5639947 (S.D. Fla. Sept. 21, 2020) (applying Florida law).

    The parties do not dispute that Whaleco's platform has a browsewrap agreement. It is undisputed that on December 17, 2022, Fontanez accessed the TEMU mobile app on her mobile device and registered for an account. To register her account, Fontanez clicked the "Continue with Apple" button, that automatically provided her Apple User ID. The "Continue with Apple" button is directly above the statement: "By continuing, you agree to our Terms of Use and Privacy and Cookie Policy." The word "Terms of Use" was in bold letters and there was a hyperlink to Whaleco's Terms of Use. Fontanez did not have to scroll to see the hyperlink for the Terms of Use.

    By clicking "Continue with Apple," she assented to the Terms of Use. Near the top of the Terms of Use, it states in uppercase bold letters:

> PLEASE BE AWARE THAT SECTION 20 OF THE TERMS BELOW CONTAINS PROVISIONS GOVERNING HOW DISPUTES THAT YOU AND WHALECO HAVE AGAINST EACH OTHER WILL BE RESOLVED, INCLUDING WITHOUT LIMITATION, ANY DISPUTES THAT AROSE OR WERE ASSERTED PRIOR TO THE EFFECTIVE DATE OF THE AGREEMENT. SECTION 20 CONTAINS, AMONG OTHER THINGS, AN AGREEMENT TO ARBITRATE WHICH REQUIRES, WITH LIMITED EXCEPTIONS, THAT ALL DISPUTES BETWEEN YOU AND WHALECO BE RESOLVED BY BINDING AND FINAL ARBITRATION.

Section 20 begins with the following:

> 20. DISPUTE RESOLUTION: PLEASE READ THE FOLLOWING ARBITRATION AGREEMENT IN THIS SECTION ("ARBITRATION AGREEMENT") CAREFULLY. IT REQUIRES YOU AND WHALECO TO ARBITRATE AGAINST ONE ANOTHER.

    To enforce the arbitration clause in the Terms of Use, the Court must find either that Fontanez had actual knowledge of the Terms of Use, or that the hyperlink to the Terms of Use was conspicuous enough to put a reasonably prudent person on inquiry notice. In Fontanez's

Fontanez v. Whaleco, Inc.
53-2023CA-000374
Order Granting Motion to
Compel Arbitration
_____/

response to the motion to compel arbitration, she never specifically argues that she did not have actual knowledge of Whaleco's Terms of Use. Furthermore, the Court finds that Whaleco's full-screen user interface design with the "Continue" button just above the bolded hyperlink to the Terms of Use is conspicuous enough to put a reasonably prudent person on inquiry notice. Hence, by clicking "Continue," Fontanez assented to the Terms of Use that contained an arbitration clause.

Under the Federal Arbitration Act that governs the arbitration clause in the Terms of Use, the agreement to waive class actions and to arbitrate on an individual basis is "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *McKenzie Check Advance of Fla., LLC v. Betts*, 112 So. 3d 1176, 1188 (Fla. 2013); *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 465 (Fla. 2011).

The Parties to this dispute have a valid and binding arbitration agreement, and the issue raised in Fontanez's Complaint is arbitrable.

**It is, therefore, ORDERED and ADJUDGED:**

1. The Motion to Compel Arbitration is **GRANTED**.
2. This matter is stayed pending the outcome of the arbitration.

**ORDERED** in Polk County, Florida on Tuesday, August 29, 2023.

53-2023-CA-000374-0000-00 08/29/2023 10:59:07 AM

Michael McDaniel, Circuit Judge
53-2023-CA-000374-0000-00 08/29/2023 10:59:07 AM

RASLAVICH BENJAMIN W
ben@theKRfirm.com
service1@theKRfirm.com

STINES ROBERT A
rstines@sgrlaw.com
vwilliams@sgrlaw.com

Morgan Ashlee Dean Esq.
morgan@thekrfirm.com

Ian Dankelman
idankelman@sgrlaw.com

5

Fontanez v. Whaleco, Inc.
53-2023CA-000374
Order Granting Motion to
Compel Arbitration
_____/

daigotti@sgrlaw.com

Morgan A. Dean
morgan@theKRfirm.com

Virginia Williams
vwilliams@sgrlaw.com