**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HEATHER SMITH, individually and on behalf of all others similarly situated, | : <br> : |
| Plaintiff, | : <br> Case No. 5:23-cv-00559-D |
| v. | : <br> : |
| WHALECO INC. d/b/a TEMU, | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO TEMPORARILY STAY PROCEEDINGS
PENDING OUTCOME OF AN APPEAL IN RELATED CASE**

Defendant Whaleco Inc., d/b/a Temu ("Defendant") hereby respectfully moves this Court to temporarily stay these proceedings until resolution of an appeal to the Tenth Circuit of a closely-related case, which may have a direct impact on this Court's forthcoming ruling on Defendant's pending Motion to Compel Arbitration (*see* Dkt. 33, " FAA Motion") in this case and the public, for the sake of judicial and party economy. In support, Defendant states as follows:

1. Plaintiff Heather Smith ("Plaintiff") originally filed her putative class action complaint in Oklahoma state court on May 22, 2023, seeking relief under the Oklahoma Telephone Solicitation Act (*i.e.,* Okla. Stat. tit. 15, § 775C *et seq*., the "OTSA") and class treatment. *See* Dkt. 1-1. The matter was subsequently timely removed to this District on June 26, 2023. *See* Dkt. 1.

2. Defendant filed its FAA Motion on November 15, 2023, which asks this Court to dismiss or stay this entire matter pursuant to the Federal Arbitration Act ("FAA"), based on a binding individual arbitration agreement entered into between the parties. *See generally* Dkt. 33.

3. Plaintiff filed her opposition to Defendant's FAA Motion on January 19, 2024. *See* Dkt. 39. Defendant filed its reply in support of its FAA Motion on February 9, 2024. *See* Dkt. 40. As such, the FAA Motion is fully briefed and ripe for decision by this Court.

4. On March 5, 2024, the Honorable Bernard M. Jones, United States District Judge for the Western District of Oklahoma, issued a ruling on a substantially-similar motion to compel arbitration filed by Defendant, in a closely-related OTSA case brought by another plaintiff represented by the same counsel as Plaintiff here; and this related case was removed to this District and defended by the same counsel representing Defendant in this case. *See Valerie Eakins v. Whaleco Inc. d/b/a Temu*, Case No. 5:23-cv-00560-J (W.D. Okla.) (hereafter, "*Eakins*"), Dkt. 41. As such, Defendant's motion in *Eakins* addresses the same legal issues/arguments, and involves a substantially-similar fact pattern and the same counsel, as its FAA Motion in the present case.

5. On March 18, 2024, Defendant filed a Notice of Appeal in the *Eakins* case, appealing Judge Jones' ruling on Defendant's motion to compel arbitration in that case to the Tenth Circuit as a matter of right. *See Eakins*, Dkt. 42. Through the instant motion, Defendant seeks to temporarily stay these proceedings pending the Tenth Circuit's review of and ruling on the appeal in *Eakins*, for the sake of judicial and party economy and in the interest of justice.

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706, (1997) (holding that a "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (a "court has the power to stay proceedings pending before it as part of its inherent power to control its docket"). As such, a federal district court has broad discretionary authority to "stay proceedings in a number of situations, includ[ing] when a higher court is about to decide a pertinent issue of law." *Fagan v. Republic of Austria,* 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009); *Beltronics*, 545 F. Supp. at 1190

(granting stay where resolution of an "issue by the Tenth Circuit could clarify the appropriate parameters for future discovery and motion practice in this case, thereby streamlining the course of this litigation"). When exercising its discretion, the Court "must weigh competing interests and maintain an even balance." *Beltronics*, 545 F. Supp. at 1189 (quoting *Landis,* 299 U.S. at 255). Ultimately, the decision whether to temporarily stay these proceedings lies squarely within the sound discretion of this Court. *See In re Kozeny*, 236 F.3d 615, 618 (10th Cir. 2000).

7.      Further, in determining whether to temporarily stay any action, courts in this Circuit have generally looked at several factors, including: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." Evergreen Holdings, Inc. v. Sequoia Glob., Inc., 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008) (citation omitted). *See also Sykes v. LivaNova Deutschland GmbH,* 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018) (considering similar factors in the context of a motion to stay discovery pending ruling in a related case, including "(1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery"); *Sisters of Mercy Health Sys. v. Kula*, 2006 WL 2090090, at *1 (W.D. Okla. July 25, 2006) ("It is well established … the court has inherent power to stay another proceeding, incidental to its power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants.") (citing *United Steel Workers v. Oregon Steel Mill*, 322 F.3d 1222, 1227 (10th Cir. 2003)). Applying these factors here weighs heavily in favor of entering a temporary stay of all proceedings in this case, pending resolution of the appellate proceedings in *Eakins*.

8.      Defendant respectfully submits that, in accordance with the foregoing applicable authority, this Court should exercise its inherent authority and broad discretion, and it should temporarily stay this case in light of the Tenth Circuit's review of *Eakins*, for several reasons: **First**, because of the substantial similarities between the facts and legal issues raised in the arbitration motion on appeal in *Eakins* and the FAA Motion awaiting decision in this case—both of which implicate the parties' and non-parties' fundamental arbitral rights under the FAA—the Tenth Circuit's decision in *Eakins* will have a direct and important impact on the Court's forthcoming ruling on the FAA Motion as well as on the parties and the general public, particularly as that decision would potentially be binding on this Court and in other similar cases involving similar issues. **Second**, if this matter proceeds and the Court rules on the FAA Motion while the *Eakins* case is still under review, there is a possibility of inconsistent opinions and confusion (in this case and for other litigants), which could possibly result in further motion practice (*e.g.*, a motion for reconsideration or an additional motion to compel arbitration to address the *Eakins* decision) or another appeal to the Tenth Circuit in this case, which in turn would prolong this case substantially and would be burdensome and costly for all. **Third**, instead of proceeding here while *Eakins* is under review, however, waiting to see how the Tenth Circuit rules would be more efficient and convenient for all concerned, especially as there would be binding authority to guide this Court, Judge Jones in *Eakins*, and all the parties moving forward, and since the counsel for the parties and the defendant are the same in both matters. **Fourth**, there would be no negative impact on the Court or Plaintiff if there were a temporary stay in place until *Eakins* is decided, as this case is still in its early stages, there is no case schedule and Defendant has yet not responded to the Complaint, and the Court has not yet issued a ruling on the FAA Motion. In sum, therefore, a temporary stay while *Eakins* is on appeal and until that appeal is decided would be fair and just for the parties and

public, and such would be far more efficient, less burdensome, and help avoid confusion for all.

9. For all the reasons above and for the sake of judicial and party economy, therefore, Defendant believes and respectfully submits that the above-captioned matter should be stayed (including the Court's ruling on the FAA Motion) pending the resolution of the *Eakins* appeal.

10. Prior to filing this FAA Motion, counsel for Defendant conferred with counsel for Plaintiff, who indicated in writing that Plaintiff does not agree to, and instead opposes, a stay.

**WHEREFORE**, for all these reasons, Defendant respectfully requests that this Court temporarily stay all proceedings (including any ruling on Defendant's FAA Motion) pending the outcome of the Tenth Circuit's review of the related *Eakins* matter, along with granting all other just and proper relief. A proposed order is attached hereto for the Court's consideration.

Dated: March 22, 2024                          Respectfully submitted by:

                                                        SCHAFFER HERRING PLLC

                                                        */s/ John A. Burkhardt*
                                                        John A. Burkhardt, OBA #1336
                                                        7134 S. Yale, Ste. 300
                                                        Tulsa, Oklahoma 74136
                                                        T: 918-856-5378
                                                        Email: john.burkhardt@schafferherring.com

                                                        Robert A. Stines (admitted *pro hac vice*)
                                                        Florida Bar No. 78447
                                                        SMITH GAMBRELL & RUSSELL LLP
                                                        201 N. Franklin Street, Suite 3550
                                                        Tampa, Florida 33602
                                                        T: 813-488-2920
                                                        Email: rstines@sgrlaw.com
                                                                 vwilliams@sgrlaw.com
                                                                 daigotti@sgrlaw.com

                                                        *Attorneys for Defendant*

## CERTIFICATE OF CONFERRAL

I hereby certify that counsel for Defendant met and conferred with counsel for Plaintiff via email on March 14, 2024 prior to filing this motion, and Plaintiff's counsel indicated in writing the same day that Plaintiff does not agree to the relief sought herein. The motion is therefore opposed.

*s/ John. A. Burkhardt*
John A. Burkhardt

## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2024, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, which will send a notice to all counsel of record.

*/s/ John. A. Burkhardt*
John A. Burkhardt
