UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) WHALECO, INC. d/b/a TEMU, ) ) Defendant. ) | Case No. 5:23-cv-00559-D <br><br> <u>CLASS ACTION</u> <br><br> (JURY TRIAL DEMANDED) |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF AN APPEAL IN A RELATED CASE</u>**

Submitted by: Mary Quinn-Cooper, OBA # 11966
Kathy R. Neal, OBA #674
McAFEE & TAFT, P.C.
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:  918-587-0000
Facsimile:  918-599-9317
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

E. Powell Miller
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone:  248-841-2200
epm@millerlawpc.com

*Counsel for Plaintiff and the Putative Class*

## I. Introduction

In this putative consumer class action, Plaintiff Heather Smith ("Plaintiff" or "Ms. Smith"), both individually and on behalf of a proposed class, alleges a single claim against Defendant for transmitting unsolicited marketing text messages directly to her cellular telephone in violation of Oklahoma's Telephone Solicitation Act, Okla. Stat. tit. 15, § 775C.1, *et seq.* ("OTSA"). In a nearly identical matter, *Eakins v. Whaleco Inc. d/b/a Temu*, Case No. 5:23-cv-00560-J (W.D. Okla.), Defendant Whaleco, Inc. d/b/a TEMU ("Temu"), unsuccessfully moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"). After Judge Jones rejected Defendant's bid to compel arbitration in the *Eakins* case (Dkt. 41, attached hereto as **Ex. A**), Defendant appealed and seeks to use the fact of that pending appeal to prevent Ms. Smith from litigating *this* case. For the reasons stated herein, Temu's motion should fail.

## II. Background

Ms. Smith initiated this proposed class action under the OTSA nearly a year ago. (Dkt. 1). She claims that Temu violated the OTSA by sending automated text messages directly to her cellular phone without prior express consent. Temu removed the action to this Court and, shortly thereafter, moved to compel arbitration, dismiss for lack of jurisdiction, or in the alternative stay this matter pending arbitration.

Temu runs an online marketplace where consumers can purchase a variety of products. Defendant claims Ms. Smith agreed to arbitration when she registered a Temu account on December 30, 2022.

As noted above, and relevant to the motion presently before this Court, on March 5, 2024, the Honorable Bernard M. Jones issued a ruling denying a nearly identical motion in *Eakins v. Whaleco Inc. d/b/a Temu*, Case No. 5:23-cv-00560-J (W.D. Okla.), concluding that the plaintiff's registration of a Temu account did not bind the plaintiff to arbitration. *Eakins*, Dkt. 41, at p.9.

Temu has filed a Notice of Appeal in *Eakins* to challenge Judge Jones's ruling in the Tenth Circuit and now seeks to pause litigation in this case pending the result of that appeal.

### III.     Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706, (1997) (holding that a "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (a "court has the power to stay proceedings pending before it as part of its inherent power to control its docket"). As such, a federal district court has broad discretionary authority to "stay proceedings in a number of situations, includ[ing] when a higher court is about to decide a pertinent issue of law." *Fagan v. Republic of Austria*, 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009); *Beltronics*, 545 F. Supp. 2d at 1190. When exercising its discretion, the Court "must weigh competing interests and maintain an even balance." *Beltronics*, 545 F. Supp. 2d at 1189 (quoting *Landis*, 299 U.S. at 255). Ultimately,

the decision whether to temporarily stay these proceedings lies squarely within the sound discretion of this Court. *See In re Kozeny*, 236 F.3d 615, 618 (10th Cir. 2000).

Courts in this Circuit apply a four-part test to determine whether a stay pending appeal is necessary, so Temu must show that: (1) it is likely to prevail on the merits on its appeal; (2) it will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by entry of a stay; and (4) the public interest favors a stay. *United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *United States v. Peck*, No. 23-4000, 2023 WL 3011416, at *1 (10th Cir. Apr. 17, 2023); *United States v. Tolliver*, No. 10-CR-141-JHP, 2012 WL 3263620, at *1 (N.D. Okla. Aug. 9, 2012); 10th Cir. R. 8.1(B).

Temu's facially insufficient motion fails to adequately consider these factors, instead it merely argues in a conclusory fashion that a decision by the 10th Circuit in *Eakins* would "*potentially* be binding" here, that there is a possibility of inconsistent opinions, that waiting improves efficiency, and that there would be no negative impact on Plaintiff here. Defendant's Motion, Dkt. 41, at p.4 (emphasis added). But Plaintiff and the proposed class will be prejudiced by undue delay in this litigation, and despite their argument to the contrary, a stay will not promote the public interest by preventing confusing results.

The *Eakins* case and this case are identical insofar as they involve the same claimed violation of the OTSA based on the same conduct. But there is one important difference. In *Eakins* the plaintiff created her Temu account using her email address. Here, Ms. Smith

3

created her Temu account using her google account, not her email, meaning she encountered different (and frankly, less) on-screen information regarding Temu's terms and conditions and her rights thereunder.[1] Moreover, an examination of the relevant factors weigh heavily against granting a stay here.

      First, Defendant in the *Eakins* case is unlikely to prevail on its appeal there, and Defendant is similarly unlikely to prevail on its motion to compel arbitration here. And for a stay to be granted pending appeal, Temu needed to "ma[k]e a *strong* showing that [it] is likely to succeed on the merits" of its appeal and will be irreparably harmed absent a stay. *Hilton*, 481 U.S. at 776 (emphasis added). Temu has made no attempt to show any

---

[1] A user can create an account by either entering their email address or phone number and pressing the bright orange continue button, or by pressing one of four white buttons to create an account linked to a social media platform. At the bottom of the page, even below the fourth button, is a barely perceptible statement in light gray font that reads as follows:

> By continuing, you agree to our **Terms of Use** and **Privacy & Cookie Policy**.

The bolded text is hyperlinked and, if pressed, leads to two separate documents, one of which contains a mandatory arbitration provision. Defendant, in its motion to compel arbitration, contends that Ms. Smith, on December 30, 2022, registered a Temu account via the Temu Android app and thereby consented to arbitration. *See* Declaration of Michael Trinh (Dkt. No. 33-3, at ¶ 8). According to Defendant, Ms. Smith chose to create an account linked to her Google account. From there, she had two options to proceed. The first allowed her to proceed with her Google account. The second allowed her the option to "use another account." At the bottom of the screen, separated from the button which allows the user to proceed using a Google account it states: "To continue, Google will share your name, email, address, language preference, and profile picture with Temu. Before using this app you can review Temu's privacy policy and terms of service." Though the words privacy policy and terms of service are in blue, the user is never advised that they are affirmatively agreeing to Temu's privacy policy or terms of service.

likelihood of success on appeal or that it will be irreparably harmed. That is because it cannot.

The *Eakins* opinion was issued via a well-reasoned ten-page opinion in which the Honorable Bernard M. Jones thoroughly analyzed Defendant's website signup page and concluded that the parties there did not enter into a valid arbitration agreement. And, as Defendant concedes, this case "addresses the same legal issues/arguments, and involves a substantially-similar fact pattern and the same counsel, as its FAA Motion in the present case." Dkt. 41, at p.2. Thus, a similar result will likely follow here.

Additionally, the *Eakins* case is no outlier. Federal courts across the country have denied Temu's motion to compel arbitration premised on similar facts. *See* Dkt. 26-1, *Johnson v. Whaleco, Inc.*, Case No. 5:23-cv-403-GAP-PRL, U.S. Dist. LEXIS 184104 (M.D. Fla. Oct. 13, 2023). In *Johnson*, as the *Eakins* court addressed in agreeing with the same, the court examined Defendant's online platform and concluded that its terms of use agreement was not conspicuously disclosed. The hyperlink to the Terms is not prominent or particularly remarkable at the bottom of the page where it is featured, and "[e]ven more 'damning' was the platform's 'use of a very light grey font against a white background, devoid of underlined text or any conspicuous visual cues.'" *Eakins*, Dkt. 41, at p.9 (citing *Johnson* at *7-8). Other federal courts are in accord, denying similar motions to compel arbitration. *See Goldstein v. Fandango Media, LLC*, No. 9:21-cv-80466, 2021 WL 6617447, at *3 (S.D. Fla. 2021) (denying motion to compel arbitration on similar facts regarding visibility of terms and conditions); *Vitacost.com, Inc. v. McCants*, 210 So.3d 761, 765 (Fla. 4th Dist. Ct. App. 2017) ("Uniformly, courts have declined to enforce

5

'browsewrap' agreements when the hyperlink to the terms and conditions is buried at the bottom of the page, and the website never directs the user to review them.").

Without a strong showing of Temu's likelihood to succeed on the merits of its appeal, a stay in this case is not warranted. *See, e.g.*, *United States v. Various Tracts of Land*, 74 F.3d at 198 (denying stay pending appeal where stay applicant failed to demonstrate a likelihood of success on appeal); *In re Fremont Sheep Co.*, 110 F.3d 73 (Table) 1997 WL 174116, at *2 (10th Cir. 1997) (upholding denial of stay pending appeal because stay applicant failed to make a showing of likelihood of success on appeal); *Springer v. United States*, No. CIV-05-1075-F, 2006 WL 8436421, at *1 (W.D. Okla., Sept. 1, 2006) (denying stay pending appeal where moving party "has not made any showing that he is likely to succeed on the merits of his appeal or that he will be irreparably injured absent a stay"). Defendant's inability to show a likelihood of success of the merits of its appeal weighs substantially against granting a stay here.

Second, Defendant fails to show that it will be irreparably harmed absent a stay here. Nor can it. Other than the ordinary costs of litigation in this matter with the same Defendant, Defendant points to no extraordinary harm that it would face here. And importantly, Defendant utterly fails to articulate what harm it would face here if the case were allowed to proceed. This factor unequivocally weighs against granting a stay.

Third, Plaintiff would be substantially harmed by the entry of a stay here. Defendant merely argues, without citation, that Plaintiff would suffer "no negative impact" because this case is in its early stages. Dkt. 41, at p.5. But, the timing of the case does not speak to any harm a Plaintiff may suffer by delay. And Defendant fails to provide any authority for

this notion, and the Court is not tasked with locating supporting authority for a party's position. But Plaintiff has every right to have her case advance forward without delay. Each day, each week that passes, harms Plaintiff and her case. Memories may fade, evidence may grow stale, and, perhaps most importantly, a delay permits Defendant to continue to engage in the illicit activity alleged here, thus harming Plaintiff and the putative class.[2] Thus, the ongoing harm alleged here as opposed to Defendant's position absent authority clearly weighs against granting a stay here.

Fourth, the public interest does not warrant a stay. Rather the opposite is true. The public interest sits with Plaintiff and the putative class, as evidenced by the passing of Oklahoma's Telephone Solicitation Act. Advancing litigation aimed at preventing the transmission of unsolicited marketing text messages directly to the cellular telephone of Oklahoma citizens advances the public interest. This factor also overwhelmingly weighs against granting a stay here.

Overall, the overwhelming weight of the cumulative factors weigh against granting a stay.

---

[2] No briefing schedule has been issued in the *Eakins* appeal. *See generally docket Eakins v. Whaleco, Inc. d/b/a Temu*, No. 24-6048 (10th Cir.). The average time to disposition of a civil appeal in the 10th Circuit is 9.5 months. Practitioner's Guide to the United States Court of Appeals for the Tenth Circuit, Thirteenth Edition, Office of the Clerk (January 2024) available at https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/2024PracGuideUpdate-13thEdition.pdf (last accessed Apr. 11, 2024).

## IV. Conclusion

For the foregoing reasons, Temu's motion to stay proceedings pending appeal should be denied, and this litigation should proceed without delay.

Dated: April 12, 2024

Respectfully Submitted:

/s/ E. Powell Miller
E. Powell Miller
*Admitted Pro Hac Vice*
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: 248-841-2200
epm@millerlawpc.com

Mary Quinn-Cooper, OBA # 11966
Kathy R. Neal, OBA #674
McAFEE & TAFT, P.C.
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: 918-587-0000
Facsimile: 918-599-9317
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF ELECTRONIC SERVICE AND FILING

I hereby certify that on this 12th day of April 2024, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to those registered participants of the ECF System.

/s/   E. Powell Miller