IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WHALECO INC. d/b/a TEMU,  )<br>)<br>Defendant.  ) | Case No. CIV-23-559-D |

**ORDER DENYING DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL IN RELATED CASE**

Before the Court is Defendant's Motion to Temporarily Stay Proceedings Pending Outcome of an Appeal in Related Case [Doc. No. 41]. Plaintiff opposes a stay [Doc. No. 44]. The Motion is fully briefed. *See* Def.'s Reply [Doc. No. 45]. Upon consideration, the Court finds that Defendant has failed to justify the relief sought and thus the Motion should be denied.

Plaintiff brought this putative class action in state court on May 22, 2023, to recover damages for alleged violations of Oklahoma's Telephone Solicitation Act of 2022, Okla. Stat. tit. 15, § 775C.1 *et seq*. On June 26, 2023, Defendant removed the case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Instead of filing an answer, Defendant moved to compel arbitration and stay the action under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. After multiple extensions of time, a reply brief for the motion was due by November 9, 2023, but Defendant instead moved to withdraw the motion and substitute a revised one. Over Plaintiff's objection, the Court granted Defendant's request and allowed a new motion to be filed. Defendant's Motion to Compel

Arbitration [Doc. No. 33] is now fully briefed; it became ripe for decision on February 9, 2024.

Defendant is facing another putative class action brought by a different named plaintiff but asserting similar claims and following a similar procedural history, *Eakins v. Whaleco Inc.*, Case No. CIV-23-560-J (W.D. Okla. June 26, 2023). In that case, Judge Bernard M. Jones recently denied Defendant's motion to compel arbitration. Judge Jones found that the alleged arbitration agreement – created by consenting to the terms and conditions of an electronic ordering system when registering for an account through an internet website or smartphone application – was not valid and enforceable. *See id.*, Order of Mar. 5, 2024 (available at 2024 WL 1190766). Defendant timely appealed the order, and the appeal remains pending. *See Eakins v. Whaleco Inc.*, No. 24-6048 (10th Cir. Mar. 18, 2024). Defendant's opening brief is due by May 7, 2024. *See* Reply Br., Ex. 2 [Doc. No. 54-2]. During the appeal, further litigation in *Eakins* is effectively stayed.[1]

In this case, the parties agree that a federal district court has discretionary authority to stay a proceeding pending before it. "[T]he power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. North*

---

[1] The rule in this circuit is that "upon the filing of a non-frivolous § 16(a) appeal [including an interlocutory appeal from an order denying arbitration], the district court is divested of jurisdiction until the appeal is resolved on the merits." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). The Supreme Court recently adopted a similar rule. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023) ("the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing").

*Am. Co.*, 229 U.S. 248, 254 (1936)); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). The utilization of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. A party seeking to stay litigation until a separate controversy is concluded "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255; *accord Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The court of appeals has provided guidance regarding appropriate factors for consideration:

> In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers*, 322 F.3d at 1227. "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

In the instant Motion, Defendant relies on 1) a likelihood that the Tenth Circuit will provide guidance in *Eakins* on the same arbitrability issues presented in this case, 2) a possibility of inconsistent district court rulings in this case and *Eakins*, 3) interests of judicial efficiency, economy, and convenience, and 4) a lack of prejudice to Plaintiff because "this case is still in its early stages." *See* Def.'s Mot. at 4. Defendant argues that,

3

considering all the benefits of waiting for an opinion from the Tenth Circuit, "it just makes no good sense for this case to proceed while *Eakins* is on appeal." *See* Reply Br. at 1.

Plaintiff does not seem to disagree with the basic premise of Defendant's Motion, that is, an opinion from the Tenth Circuit in *Eakins* may clarify the law governing the arbitrability issues in this case. However, Plaintiff contends there are important factual differences between the two cases that will limit the impact of an appellate decision in *Eakins*.[2] Plaintiff strenuously opposes the requested stay at this point in the case, where Defendant's Motion to Compel Arbitration is fully briefed. She argues that Defendant's only alleged prejudice is "the ordinary costs of litigation" but her case is substantially harmed by further delay in the factual development of her claims and the pursuit of class-wide relief. *See* Resp. Br. at 6-7.

After weighing the competing interests of the parties, the Court is not persuaded that Defendant has shown that a stay of this case is warranted under the circumstances. The Court expresses no opinion about the likely outcome of the arbitrability issues but simply finds that withholding a decision on a fully briefed motion for arbitration is unlikely to result in a substantial savings of resources, which is Defendant's primary concern. *See* Reply Br. at 1 (seeking a stay "for the sake of efficiency and judicial and party economy"). The Court accepts Defendant's representation that a decision in Plaintiff's favor, consistent

---

[2] Plaintiff alleges that each plaintiff encountered the terms and conditions of Defendant's service differently – she created an online account with Defendant using a Google account while Valerie Eakins used her email address – and this distinction could lead to different conclusions. Defendant does not dispute these allegations in its reply brief or address the possible impact of the factual distinctions.

4

with *Eakins*, would result in a second appeal by Defendant. However, such an appeal would require a stay of this case, and no further litigation would occur. *See supra* n.1. A decision in Defendant's favor on its pending motion could result in the dismissal of this case, which Plaintiff would undoubtedly appeal. Either way, it is unrealistic to expect that much will be accomplished to advance the litigation until the enforceability of the alleged arbitration agreement is decided. Should the Court's decision be impacted by any guidance that an opinion in *Eakins* will provide, the remaining issues could be resolved by an appellate decision in this case or a remand for further consideration.

The Court accepts the proposition that a resolution of the arbitrability issues in this case would be easier with the benefit of the Tenth Circuit's analysis of similar issues in *Eakins*. However, looking to the discretionary factors endorsed by the Tenth Circuit, the Court finds they do not weigh strongly in favor of a stay. The impact of the first factor – whether Defendant is likely to prevail in *Eakins* – is unclear; both parties make persuasive arguments about the respective merits of their positions. As to the second factor, Defendant does not claim the denial of a stay will cause it irreparable, or even substantial, harm. If Defendant is required to prosecute or defend a second appeal, it will incur additional costs for the appeal, but if the same issues are presented in both cases, as argued by Defendant, it could request consolidation or abatement from the court of appeals. Regarding the third factor, Plaintiff also has not identified any substantial harm from a stay. Plaintiff complains of further delay in proceeding with her class-action allegations, but as stated above, Plaintiff cannot proceed at all until the arbitrability of her claim is decided. Finally, the public interest is served by a timely resolution of the arbitrability question and the

5

advancement of this case. For these reasons, the Court finds that the case should be not stayed pending a decision by the court of appeals in *Eakins*.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Temporarily Stay Proceedings Pending Outcome of an Appeal in Related Case [Doc. No. 41] is **DENIED**.

**IT IS SO ORDERED** this 29th day of April, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge