APPEAL,PURCELL,_MR
Email All Attys
Email All Attys and Secondary Emails

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CIVIL DOCKET FOR CASE #: 5:23−cv−00559−D

Smith v. Whaleco Inc
Assigned to: Chief Judge Timothy D. DeGiusti
Case in other court: Oklahoma County District Court, CJ−23−02888
Cause: 28:1331 Fed. Question

Date Filed: 06/26/2023
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Heather Smith**
*individual and on behalf of all other similarly situated*

represented by **Arun Ravindran**
Hedin LLP
1395 Brickell Avenue
Suite 610
Miami, FL 33131
305−203−4573
Email: aravindran@hedinllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathy R Neal**
McAfee & Taft−TULSA
Two West 2nd St
Suite 1100
Williams Tower II
Tulsa, OK 74103
918−587−0000
Fax: 918−599−9317
Email: kathy.neal@mcafeetaft.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Quinn−Cooper**
McAfee & Taft−TULSA
Two West 2nd St
Suite 1100
Williams Tower II
Tulsa, OK 74103
918−587−0000
Fax: 918−599−9317
Email: maryquinn.cooper@mcafeetaft.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Powell Miller**
The Miller Law Firm, P.C.

950 W. University Drive
Suite 300
Rochester, MI 48307
248–841–2200
Email: epm@millerlawpc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Whaleco Inc**<br>*doing business as*<br>Temu | represented by | **John A Burkhardt**<br>Schaffer Herring Law Firm<br>7134 S Yale<br>Suite 300<br>Tulsa, OK 74136<br>918–550–8105<br>Fax: 918–550–8106<br>Email: john.burkhardt@schafferherring.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert A Stines**<br>Smith, Gambrell & Russell LLP<br>201 N Franklin Street<br>Ste 3550<br>Tampa, FL 33602<br>813–488–2920<br>Email: rstines@sgrlaw.com<br>*TERMINATED: 03/25/2024*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2023 | 1 | NOTICE OF REMOVAL from Oklahoma County District Court, case number CJ–2023–2888 filed by Whaleco Inc. (Attachments: # 1 Exhibit 1 – Petition, # 2 Exhibit 2 – Mtn to Associate Counsel 6.5.23, # 3 Exhibit 3 – Order Admitting to Practice 6.7.23, # 4 Exhibit 4 – Mtn to Associate Counsel 6.9.23, # 5 Exhibit 5 – Order Admitting to Practice 6.12.23, # 6 Exhibit 6 – Summons–Proof of Service, # 7 Exhibit 7 – Docket Sheet, # 8 Civil Cover Sheet)(ekw) (Entered: 06/27/2023) |
| 06/27/2023 | | PAYMENT FOR A CIVIL CASE Filing fee $ 402, receipt number AOKWDC–4194276. (Stines, Robert) (Entered: 06/27/2023) |
| 06/28/2023 | 2 | ENTRY of Appearance by John A Burkhardt on behalf of Whaleco Inc (Burkhardt, John) (Entered: 06/28/2023) |
| 06/28/2023 | 3 | DISCLOSURE STATEMENT – CORPORATE by Whaleco Inc *d/b/a TEMU*. (Burkhardt, John) (Entered: 06/28/2023) |
| 06/28/2023 | 4 | MOTION for Leave to Appear Pro Hac Vice *for Robert A. Stines* Filing fee $ 100, receipt number AOKWDC–4195769 by Whaleco Inc. (Attachments: # 1 Attachment |

| | | |
|---|---|---|
| | | Request for PHV Admission)(Burkhardt, John) (Entered: 06/28/2023) |
| 06/29/2023 | 5 | UNOPPOSED MOTION for Extension of Time to File Answer by Whaleco Inc. (Burkhardt, John) (Entered: 06/29/2023) |
| 06/29/2023 | 6 | ENTRY of Appearance by Kathy R Neal on behalf of Heather Smith (Neal, Kathy) (Entered: 06/29/2023) |
| 06/29/2023 | 7 | ENTRY of Appearance by Mary Quinn−Cooper on behalf of Heather Smith (Quinn−Cooper, Mary) (Entered: 06/29/2023) |
| 06/30/2023 | 8 | ORDER granting 4 Motion to Appear Pro Hac Vice of Robert A. Stines. Signed by Chief Judge Timothy D. DeGiusti on 6/30/2023. (mb) (Entered: 06/30/2023) |
| 06/30/2023 | 9 | ORDER granting 5 UNOPPOSED Motion for Extension of Time to Respond toComplaint filed by Defendant Whaleco, Inc. answer due 7/25/2023.. Signed by Chief Judge Timothy D. DeGiusti on 6/30/2023. (mb) (Entered: 06/30/2023) |
| 07/25/2023 | 10 | MOTION to Compel *Arbitration and to Stay This Action* by Whaleco Inc. (Burkhardt, John) (Entered: 07/25/2023) |
| 07/25/2023 | 11 | BRIEF IN SUPPORT re 10 MOTION to Compel *Arbitration and to Stay This Action* by Whaleco Inc. (Attachments: # 1 Exhibit Declaration of Michael Trinh, # 2 Exhibit Consent Form)(Burkhardt, John) (Entered: 07/25/2023) |
| 07/25/2023 | 12 | MOTION for Leave to Appear Pro Hac Vice *of Edwin Powell Miller* by Heather Smith. (Attachments: # 1 Exhibit Application)(Neal, Kathy) (Entered: 07/25/2023) |
| 07/25/2023 | 13 | Receipt for Money Received in the amount of $100, receipt number 500002941 regarding 12 MOTION for Leave to Appear Pro Hac Vice *of Edwin Powell Miller*. (dtb) (Entered: 07/25/2023) |
| 07/26/2023 | 14 | ORDER granting 12 Plaintiffs Motion for Pro Hac Vice Admission of Edwin Powell Miller. Signed by Chief Judge Timothy D. DeGiusti on 7/26/2023. (Eagleston, Jane) (Entered: 07/26/2023) |
| 07/27/2023 | 15 | ENTRY of Appearance by E. Powell Miller on behalf of All Plaintiffs (Miller, E. Powell) (Entered: 07/27/2023) |
| 07/28/2023 | 16 | ENTRY of Appearance by Robert A Stines on behalf of Whaleco Inc (Stines, Robert) (Entered: 07/28/2023) |
| 08/14/2023 | 17 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 11 Brief, 10 MOTION to Compel *Arbitration and to Stay This Action* by Heather Smith. (Neal, Kathy) (Entered: 08/14/2023) |
| 08/14/2023 | 18 | ORDER granting 17 Motion for Extension of Time to File Response 17 UNOPPOSED MOTION for Extension of Time to File Response to 11 Brief, 10 MOTION to Compel *Arbitration and to Stay This Action* , 10 MOTION to Compel *Arbitration and to Stay This Action* Responses due by 9/14/2023. Signed by Chief Judge Timothy D. DeGiusti on 8/14/2023. (jee) (Entered: 08/14/2023) |
| 09/14/2023 | 19 | SECOND MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Compel *Arbitration and to Stay This Action* by Heather Smith. (Neal, Kathy) (Entered: 09/14/2023) |
| 09/15/2023 | 20 | |

| | | |
|---|---|---|
| | | ORDER granting 19 Plaintiffs Motion for Two–Week Extension of Time to Respondto Motion to Compel Arbitration. Response due 9/28/2023. Signed by Chief Judge Timothy D. DeGiusti on 9/15/2023. (jee) (Entered: 09/15/2023) |
| 09/28/2023 | 21 | RESPONSE in Opposition re 10 MOTION to Compel *Arbitration and to Stay This Action* filed by All Plaintiffs. (Neal, Kathy) (Entered: 09/28/2023) |
| 10/03/2023 | 22 | FIRST MOTION for Extension of Time to File Response/Reply as to 21 Response in Opposition to Motion *to Compel Arbitration* by Whaleco Inc. (Stines, Robert) (Entered: 10/03/2023) |
| 10/05/2023 | 23 | ORDER granting [22Unopposed Motion for Extension of Time toFile a Reply to Plaintiffs Response in Opposition to Motion to Compel Arbitration. Reply due 10/26/2023. Signed by Chief Judge Timothy D. DeGiusti on 10/5/2023. (jee) (Entered: 10/05/2023) |
| 10/18/2023 | 24 | SUPPLEMENT re 21 Response in Opposition to Motion *Notice of Supplemental Authority* by Heather Smith. (Attachments: # 1 Exhibit A – Johnson v. Whaleco Decision)(Neal, Kathy) (Entered: 10/18/2023) |
| 10/18/2023 | 25 | ORDER Striking 24 Plaintiff's Notice of Supplement Authority.. Signed by Chief Judge Timothy D. DeGiusti on 10/18/2023. (jee) (Entered: 10/18/2023) |
| 10/19/2023 | 26 | NOTICE (other) by Heather Smith re 21 Response in Opposition to Motion *Corrected Notice of Supplemental Authority* (Attachments: # 1 Exhibit A – Johnson v. Whaleco Decision)(Neal, Kathy) (Entered: 10/19/2023) |
| 10/20/2023 | 27 | SECOND MOTION for Extension of Time to File Response/Reply as to 21 Response in Opposition to Motion, 11 Brief, 10 MOTION to Compel *Arbitration and to Stay This Action* by Whaleco Inc. (Stines, Robert) (Entered: 10/20/2023) |
| 10/24/2023 | 28 | ORDER granting 27 Defendants Second Unopposed Motion for an Extension ofTime to File a Reply in Support of Its Motion to Compel Arbitration. Reply due 11/9/2023. Signed by Chief Judge Timothy D. DeGiusti on 10/24/2023. (jee) (Entered: 10/24/2023) |
| 10/27/2023 | 29 | MOTION for Leave *to Resubmit Motion to Compel Arbitration* by Whaleco Inc. (Stines, Robert) (Entered: 10/27/2023) |
| 11/06/2023 | 30 | RESPONSE in Opposition re 29 MOTION for Leave *to Resubmit Motion to Compel Arbitration Plaintiffs Response in Opposition to Defendants Motion to File a Different Motion to Compel Arbitration* filed by Heather Smith. (Miller, E. Powell) (Entered: 11/06/2023) |
| 11/07/2023 | 31 | REPLY by Defendant Whaleco Inc re 30 Response in Opposition to Motion, 29 MOTION for Leave *to Resubmit Motion to Compel Arbitration* filed by Whaleco Inc. (Stines, Robert) (Entered: 11/07/2023) |
| 11/08/2023 | 32 | ORDER granting 29 Defendants Request for Leave to Resubmit Its Motion toCompel Arbitration. Defendants Motion to Compel Arbitration and to Stay This Action 10 is deemed withdrawn and will not be considered. Signed by Chief Judge Timothy D. DeGiusti on 11/8/2023. (jee) (Entered: 11/08/2023) |
| 11/15/2023 | 33 | MOTION to Compel *Arbitration* by Whaleco Inc. (Attachments: # 1 Attachment Brief in Support of Motion to Compel Arbitration, # 2 Exhibit 1, # 3 Exhibit 2)(Stines, Robert) (Entered: 11/15/2023) |

| | | |
|---|---|---|
| 12/08/2023 | 34 | MOTION to Extend Deadlines or Hearings *Related to Defendant's Motion to Compel Arbitration* by Heather Smith. (Neal, Kathy) (Entered: 12/08/2023) |
| 12/11/2023 | 35 | MOTION to Supplement *Motion to Extend Deadlines [Dkt 34]* by Heather Smith. (Neal, Kathy) (Entered: 12/11/2023) |
| 12/11/2023 | 36 | ORDER granting 34 Plaintiffs Motion to Extend Deadlines Related to Defendants Motion to Compel Arbitration 35 Plaintiffs Supplement to Motion to Extend Deadlines Related to Defendants Motion to Compel Arbitration. Plaintiff's response due 1/5/2023. Defendant's reply due 1/26/2024. Signed by Chief Judge Timothy D. DeGiusti on 12/11/2023. (jee) (Entered: 12/11/2023) |
| 01/04/2024 | 37 | JOINT MOTION to Extend Deadlines or Hearings *related to Defendant's Motion to Compel Arbitration* by Heather Smith. (Neal, Kathy) (Entered: 01/04/2024) |
| 01/05/2024 | 38 | ORDER granting 37 Joint Motion for Two−Week Extension of Deadlines.Plaintiff shall respond to Defendants Motion to Compel Arbitration [Doc. No. 33] by January 19, 2024. Defendants reply is due by February 9, 2024. Signed by Chief Judge Timothy D. DeGiusti on 1/5/2024. (jee) (Entered: 01/05/2024) |
| 01/19/2024 | 39 | RESPONSE in Opposition re 33 MOTION to Compel *Arbitration* filed by Heather Smith. (Attachments: # 1 Exhibit 1 – Johnson v Whaleco)(Neal, Kathy) (Entered: 01/19/2024) |
| 02/09/2024 | 40 | REPLY by Defendant Whaleco Inc re 33 MOTION to Compel *Arbitration* filed by Whaleco Inc. (Stines, Robert) (Entered: 02/09/2024) |
| 03/22/2024 | 41 | MOTION to Stay Case *Pending Outcome of An Appeal in Related Case* by Whaleco Inc. (Burkhardt, John) (Entered: 03/22/2024) |
| 03/25/2024 | 42 | MOTION to Withdraw as Attorney by Whaleco Inc. (Attachments: # 1 Attachment Proposed Order Granting Motion to Withdraw)(Stines, Robert) (Entered: 03/25/2024) |
| 03/25/2024 | 43 | ORDER granting 42 Motion to Withdraw as Attorney. Attorney Robert A Stines terminated. Signed by Chief Judge Timothy D. DeGiusti on 3/25/2024. (jee) (Entered: 03/25/2024) |
| 04/12/2024 | 44 | RESPONSE to Motion re 41 MOTION to Stay Case *Pending Outcome of An Appeal in Related Case* filed by Heather Smith. (Attachments: # 1 Exhibit A – March 5, 2024 Order in Eakins v. Whaleco Inc. d/b/a Temu, No. 5:23−cv−00560−J (W.D. Okla.))(Miller, E. Powell) (Entered: 04/12/2024) |
| 04/19/2024 | 45 | REPLY to Response to Motion re 41 MOTION to Stay Case *Pending Outcome of An Appeal in Related Case* filed by Whaleco Inc. (Attachments: # 1 Exhibit 1–Discovery Requests, # 2 Exhibit 2–Notice re Briefing Schedule)(Burkhardt, John) (Entered: 04/19/2024) |
| 04/29/2024 | 46 | ORDER denying 41 Defendants Motion to Temporarily Stay Proceedings Pending Outcome of an Appeal in Related Case. Signed by Chief Judge Timothy D. DeGiusti on 4/29/2024. (jee) (Entered: 04/29/2024) |
| 07/23/2024 | 47 | ORDER denying 33 Defendants Motion to Compel Arbitration. Signed by Chief Judge Timothy D. DeGiusti on 7/23/2024. (jee) (Entered: 07/23/2024) |
| 07/29/2024 | 48 | NOTICE OF APPEAL as to 47 Order on Motion to Compel by Whaleco Inc. Filing fee $ 605, receipt number AOKWDC−4484605. (Burkhardt, John) (Entered: 07/29/2024) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER SMITH, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Case No. CIV-23-559-D<br>) |
| WHALECO INC. d/b/a TEMU, | )<br>) |
| Defendant. | ) |

## ORDER DENYING MOTION TO COMPEL ARBITRATION

Before the Court is Defendant's Motion to Compel Arbitration [Doc. No. 33] under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. In opposition [Doc. No. 39], Plaintiff disputes that an arbitration agreement exists. Defendant argues in reply [Doc. No. 40] that Plaintiff has failed to overcome its evidence that she agreed to arbitration by accepting Defendant's "Terms of Use" for an online account that she created by downloading and registering for Defendant's smartphone application or App. The sole issue presented is the validity of this type of contract, known as a "sign-in wrap" agreement.

This same issue was recently decided by United States District Judge Bernard M. Jones in *Eakins v. Whaleco Inc.*, Case No. CIV-23-560-J, 2024 WL 1190766 (W.D. Okla. Mar. 5, 2024), *appeal pending*, No. 24-6048 (10th Cir. Mar. 18, 2024). Under substantially similar facts, Judge Jones found that no valid agreement was formed. Upon consideration, the Court finds Judge Jones' analysis is persuasive and, for the following reasons, reaches the same conclusion in this case.

6

**Factual Background**

Plaintiff brought this putative class action in the District Court of Oklahoma County, Oklahoma, to recover damages for alleged violations of the Telephone Solicitation Act of 2022, Okla. Stat. tit. 15, §§ 775C.1-775.C6. Defendant timely removed the case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and moved to compel arbitration and to stay or dismiss the case. Over Plaintiff's objection, the Court later allowed Defendant to withdraw its original motion and refile this one.

In a parallel case filed by the same attorneys, a different named plaintiff filed a putative class action against Defendant in the District Court of Washita County, Oklahoma, bringing similar claims, and Defendant removed the case. *See Eakins v. Whaleco Inc.*, Case No. CIV-23-560-J, Notice of Removal (W.D. Okla. June 26, 2023). The *Eakins* case followed an identical procedural history. In March 2024, Judge Jones issued a decision on Defendant's motion. Judge Jones found that the alleged agreement – created by agreeing to the terms of use for Defendant's online ordering service when creating an account using Defendant's App – was not a valid arbitration agreement. *See Eakins*, 3/5/24 Order at 9, 2024 WL 1190766 at *4.

In reaching this conclusion, Judge Jones first determined that the type of online agreement presented is best characterized as a "sign-in wrap" because "Defendant's App notifies the user of its terms of use and, instead of providing an 'I agree' box to check, advises the user that she is agreeing to the terms of use when creating an account." *Eakins*, 2024 WL 1190766 at *3. This form of agreement "does not require the user to click on a box showing acceptance of the 'terms of use' in order to continue" but, instead, "the

website is designed so that a user is notified of the existence and applicability of the site's 'terms of use' when proceeding through the website's sign-in or login process." *Id*. (quoting *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 399 (E.D.N.Y. 2015)). Judge Jones observed: "In the context of online agreements, courts engage in fact-intensive inquiries of 'the design and content of the relevant interface to determine if the contract terms were presented to the offeree in a way that would put her on inquiry notice of such terms.'" *Id*. (quoting *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 289 (2d Cir. 2019)). After examining the facts regarding Defendant's App, Judge Jones "conclude[d] that the App failed to provide reasonably conspicuous notice that Plaintiff was agreeing to Defendant's terms of use when creating her account." *Id*.

## Standard of Decision

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The Act "reflects the fundamental principle that arbitration is a matter of contract." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Under the Act, a court decides "gateway" issues that determine the arbitrability of a dispute, such as whether the parties agreed to arbitrate a matter. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002); *Rent-A-Center*, 561 U.S. at 68-69. When deciding this issue, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1255 (10th Cir. 2012).

3

Under Section 4 of the Act, "[w]hen parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997). The statutory "framework is similar to summary judgment practice." *Hancock*, 701 F.3d at 1261.

> [T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith. When a quick look at the case reveals that no material disputes of fact exist, a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration.

*BOSC, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1177 (10th Cir. 2017) (citations and internal quotations omitted). In this case, Defendant submits in support of its Motion the declaration of an employee and evidentiary materials that are undisputed.

### Discussion

The validity of electronic agreements is becoming a frequent issue in consumer cases. Federal courts generally approach the issue of contract formation using basic contract-law principles that require "the parties' mutual assent to the essential terms of the agreement" and bind "[a] party who manifests assent to a contract's terms." *See Hancock*, 701 F.3d at 1256. However, the determination of whether a contract was formed in a particular case often turns on the specific facts. In *Hancock*, for example, the Tenth Circuit addressed the issue with regard to a "clickwrap" agreement, where a computer user must click a dialogue box, such as an "I agree" button, to signify their assent to terms or

4

conditions on a separate screen or internet page before they can proceed with a transaction. *See Hancock*, 701 F.3d at 1255 (defining "clickwrap" agreement); *id*. at 1257 (describing the agreements in that case); *see also Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) (describing clickwrap or "click-through" agreements). In that case, the Tenth Circuit had little trouble concluding that the consumers had assented to the service provider's electronic terms, which included an arbitration agreement, and that the clickwrap agreements were valid and enforceable. *See Hancock*, 701 F.3d at 1257-58.

In contrast, a sign-in wrap agreement requires the user's assent to be inferred from the fact they were notified that proceeding with a transaction would signify their agreement to terms or conditions stated on a separate computer screen or internet page, usually accessible through a hyperlink. *See Meyer*, 868 F.3d at 75-76; *Selden v. Airbnb, Inc.*, 4 F.4th 149, 156 (D.C. Cir. 2021) ("a sign-in wrap bundles signing up for a service with agreement to the website's contractual terms"). In such cases, courts consider whether a consumer received conspicuous notice of the terms and his consent to an online agreement. *See Selden*, 4 F.4th at 156. With regard to sign-in wrap agreements, courts often "look to the layout and language of the [computer application] to decide whether it would provide a reasonably prudent smartphone user with reasonable notice that a click – i.e., signing up – will manifest assent to an agreement." *Id*. Relevant facts may include the size and color of font used in the notice, the means of denoting a hyperlink (such as blue highlighted or underlined text), a spatial connection between the notice and the button intended to manifest assent, and any visual distractions or features that detract from the clarity of the notice.

5

In *Eakins*, Judge Jones conducted this inquiry and determined that Defendant's App did not provide conspicuous notice of the "Terms of Use." Due to the fact-specific nature of this ruling, the Court duplicates in full an image of the sign-in screen and the narrative description in Judge Jones' order:[1]



As shown, a user can create an account (1) by entering their email or phone number and pressing a bright orange "Continue" button, or (2) by pressing one of the other four white buttons. At the bottom of the screen, beneath the "Continue with Twitter" button, is a statement in light grey font that reads: "By continuing, you agree to our **Terms of Use** and **Privacy & Cookie Policy**." The "**Terms of Use**" text is hyperlinked and, if pressed, leads to a separate document containing a mandatory arbitration provision.

---

[1] The same image is provided by both parties in their briefs in this case.

6

*Eakins*, 2024 WL 1190766 at *1. The Court also quotes in full Judge Jones' explanation of his conclusion "that the App failed to provide reasonably conspicuous notice that Plaintiff was agreeing to Defendant's terms of use when creating her account." *Id*. at 3.

> For starters, the terms of use agreement appears in relatively small font at the bottom of the screen – spatially decoupled from the attention-grabbing orange "Continue" button that users click to create their account. *See Nguyen v. Barnes & Noble Inc*., 763 F.3d 1171, 1177 (9th Cir. 2014) (recognizing courts' refusal to enforce online agreements "[w]here the link to a website's terms of use is buried at the bottom of the page or tucked away in obscure corners of the website where users are unlikely to see it"); *Starke*, 913 F.3d at 294 (rejecting enforcement of arbitration agreement where the "Terms & Conditions" hyperlink was "spatially decoupled" from the portion of the website "actually requiring [plaintiff's] attention"); *Applebaum v. Lyft, Inc*., 263 F. Supp. 3d 454, 466-67 (S.D.N.Y. 2017) (rejecting enforcement of arbitration agreement where the " 'I agree to Lyft's Terms of Service' [was] in the smallest font on the screen, dwarfed by the jumbo-sized pink 'Next' bar at the bottom of the screen and the bold header 'Add Phone Number' at the top"). While other, closer buttons are available, the orange button – in both placement and coloring – is set apart. One could argue it is initially unclear whether the terms of use agreement even pertains to the creation of an account using email or phone number.
>
> Most glaring, however, is the App's failure to distinguish the "Terms of Use" hyperlink from its surrounding text. *See Berman*, 30 F.4th at 857 ("[W]hile it is permissible to disclose terms and conditions through a hyperlink, the fact that a hyperlink is present must be readily apparent."). The notice here appears in grey font against a white backdrop, and while "Terms of Use" is a darker shade of grey, the contrast is neither remarkable nor presents with the traditional hallmarks of hyperlinked text. *See id*. ("A web designer must do more than simply underscore the hyperlinked text in order to ensure that it is sufficiently set apart from the surrounding text. Customary design elements denoting the existence of a hyperlink include the use of a contrasting font color (typically blue) and the use of all capital letters, both of which can alert a user that the particular text differs from other plain text in that it provides a clickable pathway to another webpage." (internal citation and quotation marks omitted)); *Cullinane v. Uber Techs., Inc*., 893 F.3d 53, 63 (1st Cir. 2018) ("While not all hyperlinks need to have the same characteristics, they are commonly blue and underlined." (internal quotation marks omitted)). Courts have generally "required more than mere coloring to indicate the existence of a hyperlink to a contract." *Applebaum*, 263 F.

Supp. 3d at 467 (citing *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1035 (7th Cir. 2016) ("Where the terms are not displayed but must be brought up by using a hyperlink, courts . . . have looked for a clear prompt directing the user to read them.")). The App's failure to adequately distinguish the hyperlinked text, coupled with its obscure placement of the terms of use agreement, fails the conspicuous test.

Defendant's reliance on *Fontanez v. Whaleco, Inc.*, No. 53-2023CA-000374 (Fla. Cir. Ct. Aug. 29, 2023), *see* (*Fontanez* Order) [Doc. No. 33-2], does not alter the Court's conclusion. The *Fontanez* court examined the very online platform at issue here and concluded that its terms of use agreement was "conspicuous enough to put a reasonably prudent person on inquiry notice." *Id*. at 6. However, the plaintiff in *Fontanez* created her account with the "Continue with Apple" button "directly above" the terms of use agreement. *Id*. at 5. Moreover, and more importantly, she had already filed "eleven class action lawsuits," and the "reasonable inference [was] that . . . [she] should have been aware that online retailers have 'Terms of Use' or 'Terms and Conditions' agreements." *Id*. at 3.

*Fontanez*'s persuasive [force] is further tempered by *Johnson v. Whaleco, Inc.*, No. 5:23-cv-403-GAP-PRL (M.D. Fla. Oct. 13, 2023) (not available on Westlaw), which recently examined Defendant's online platform and concluded that its terms of use agreement was not conspicuously disclosed. The *Johnson* court reasoned, as this Court does here, that "the hyperlink to the Terms is not prominent or particularly remarkable at the bottom of the page where it is featured." *Id*. at *7 (brackets and internal quotation marks omitted). Even more "damning" was the platform's "use of a very light grey font against a white background, devoid of underlined text or any conspicuous visual cues." *Id*. at *7-8.

Neither is the Court convinced that Plaintiff's subsequent use of the App – where she "was presented with a screen identical to the one she would have seen when she initially registered her account through the App back in January," Def.'s Br. at 13 – weighs in favor of arbitration. If Defendant's notice was inconspicuous when Plaintiff created her account, the Court is unsure how such notice, if unaltered, became any clearer over time.

*Id*. at *3-4 (footnotes omitted). Based on this analysis, Judge Jones determined "that the parties did not enter into a valid arbitration agreement." *Id*. at *4.

8

All other things being equal, the Court would fully agree with Judge Jones. The parties present the same legal arguments and authorities in this case that were presented in *Eakins*, and like Judge Jones, the Court rejects Defendant's description of the sign-in wrap agreement in its App.[2] However, the two cases involve slightly different facts. Although each plaintiff downloaded the same App, they interacted differently with the initial screen and took different paths to sign up. Plaintiff registered by using an existing Google account while Ms. Eakins created a new account using her email address.[3] By proceeding to the App through her Google account, Plaintiff encountered another screen that provided a second opportunity to review Defendant's terms.

Recall the image of the App's registration screen shown above. Below the orange "Continue" button that Ms. Eakins used were four other options, the first being "Continue with Google." Plaintiff proceeded by clicking this button and saw the following screen:

---

[2] According to Defendant, "the Terms containing the Arbitration Provisions were conspicuously hyperlinked in a contrasting bold font, presented in close spatial and temporal proximity to the 'Continue' buttons Plaintiff had to click to continue signing up for her account on the App or when logging in later." *See* Def.'s Mot. at 17-18.

[3] This factual distinction was highlighted when Defendant recently moved for a stay of this case pending the resolution of its interlocutory appeal in *Eakins*. In opposing a stay, Plaintiff accurately described the differences between how she and Ms. Eakins signed up for an online account using the App. *See* Pl.'s Opp'n Mot. Stay [Doc. No. 44] at 3-4 & n.1.



Here, unlike the initial screen where "Terms of Use" appeared in slightly darker grey font and gave no indication of a hyperlink, the words "terms of service" in this screen were in a blue color, which commonly denotes the existence of a hyperlink. Note, however, the context in which this hyperlink appears. This screen did not inform Plaintiff that proceeding to the App by allowing Google to share her information with Defendant would signify an agreement to or acceptance of Defendant's terms of service. Instead, it merely stated that Plaintiff could review Defendant's terms of service before using the App. This phrasing does not provide any notice, and certainly not conspicuous notice, that Plaintiff was consenting to a contract with Defendant by using this avenue to proceed.

10

15

On the initial screen, Plaintiff chose the "Continue with Google" option located below the bright orange "Continue" button. Because the Google button was positioned lower on the screen, it was located slightly closer to the statement at the bottom that continuing would signify an agreement to Defendant's Terms of Use. Arguably, the eyes of a user moving beyond the orange button would be drawn further down the screen and might be more likely to notice the warning. However, the same remaining facts – a spatial separation, the eye-catching logos of other options in that space (Google, Facebook, Apple, and Twitter), and the smaller light grey font on a white screen with no indication of a hyperlink – lead the Court to the same conclusion that the "by continuing" statement did not provide conspicuous notice to a consumer that they were agreeing to a contract that included the Terms of Use.[4] As a result, the Court finds that the factual differences between this case and *Eakins* do not affect the outcome.

Accepting the undisputed facts presented by Defendant and considering objectively the alleged sign-in wrap agreement in its App, the Court finds that Plaintiff did not receive conspicuous notice of Defendant's Terms of Use or give her assent to an online agreement containing them. Therefore, no contract between the parties including an arbitration agreement was formed.

---

[4] Further, the "continue with" logo buttons offered the user easy access to the App with an existing account, requiring no further effort to complete a new sign-up process. In the Court's view, an individual spying this option and electing to proceed this way would be unlikely to look further down the screen.

11

## Conclusion

For these reasons, the Court concludes that the parties did not enter into a valid and binding arbitration agreement.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration [Doc. No. 33] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of July, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HEATHER SMITH, individually and on      :
behalf of all others similarly situated,
                                        :
        Plaintiff,                      :   Case No. 5:23-cv-00559-D
                                        :
    v.                                  :
                                        :
WHALECO INC. d/b/a TEMU,                :
                                        :
        Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANT'S NOTICE OF APPEAL

Notice is hereby given that Defendant Whaleco Inc., d/b/a TEMU ("Defendant"), hereby appeals, to the United States Court of Appeals for the Tenth Circuit, from this Court's order entered on July 23, 2024 in the above-captioned matter (*see* Dkt. 47) denying Defendant's motion to compel arbitration (*see* Dkt. 33).

Dated: July 29, 2024

Respectfully submitted by:

SCHAFFER HERRING PLLC

*/s/ John A. Burkhardt*
John A. Burkhardt, OBA #1336
7134 S. Yale, Ste. 300
Tulsa, Oklahoma 74136
T: 918-856-5378
Email: john.burkhardt@schafferherring.com

John W. McGuinness (*pro hac* to be requested)
A. Paul Heeringa (*pro hac* to be requested)
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin Street, Ste. 2600
Chicago, Illinois 60606
T: 312-529-6300
Email: jmcguinness@manatt.com
       pheeringa@manatt.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, which will send a notice to all counsel of record.

*/s/ John. A. Burkhardt*
John A. Burkhardt
